**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELVIN R. DOUGLAS,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DET. N. PALERMO, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 22-4937 (KMW) (EAP)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Plaintiff's civil rights complaint (ECF No. 1) in this matter and his application to proceed *in forma pauperis*. (*See* ECF No. 1-2.) Having reviewed that application, this Court finds that leave to proceed *in forma pauperis* is warranted, and Plaintiff's application shall be granted. As such, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.　　BACKGROUND**

Plaintiff is a state pre-trial detainee, currently detained in the Camden County jail. (*See* ECF No. 1 at 3). In his complaint, Plaintiff contends that Defendants, all members of the Camden County police who were involved in his arrest, violated his rights in executing a traffic stop of a vehicle Plaintiff was driving and in filing allegedly false reports related to that occurrence. (*Id.* at 6-7.) According to the reports Plaintiff attaches to the complaint, Defendants received a tip from

a criminal informant that an individual in black clothing was traveling through Camden in a vehicle with dark tinted windows with a firearm. (*Id.* at 13.) Defendant Palermo then observed Plaintiff, who matched the description, outside of a building near Filmore Street in Camden. (*Id.*) Plaintiff got into a vehicle with dark tinted windows and drove away. (*Id.* at 13-14.) Police attempted to catch up to him, at which point Plaintiff drove through a light which was either yellow and turning red or already red. (*Id.* at 14.) Plaintiff was also observed by Defendants to be attempting to evade their pursuit. (*Id.*) The officers thereafter executed a traffic stop on the basis that Plaintiff had been driving recklessly, removed Plaintiff from the vehicle, and placed him in their vehicle following a Terry frisk for weapons. (*Id.*) Plaintiff was then asked whether he would give consent to a search of the vehicle, which he initially refused but eventually granted following repeated requests in the back of the hot squad car. (*Id.* at 14-15.) Plaintiff withdrew that consent, however, when the officers approached the glove box area, with which he had apparently been fiddling prior to the stop. (*Id.*) The car, which was unregistered, was thereafter towed to an impound lot. (*Id.*) Plaintiff was given tickets for the illegally tinted windows and driving an unregistered vehicle and released. (*Id.* at 15-16.)

Defendants thereafter obtained a search warrant for the car based on their belief that Plaintiff had hidden a gun behind the glove box. (*Id.* at 17-20.) This search produced a loaded .45 caliber Ruger pistol hidden behind the glove box. (*Id.* at 15.) Plaintiff was thereafter arrested on unlawful possession of a weapon charges. (*Id.*) Plaintiff apparently remains detained based on those charges. (*Id.* at 1-3.)

In his complaint, Plaintiff disputes various details and characterizations contained in the various police reports, and asserts that he believes the traffic stop, search, and his arrest were improper. (*Id.* at 6-20.) Based on these allegations, Plaintiff seeks the dismissal of his criminal charges, release from pre-trial confinement, and monetary damages from Defendants. (*Id.* at 7.)

2

## II. **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts

3

"merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

In his complaint, Plaintiff seeks to have this Court interfere with his ongoing criminal proceedings, to dismiss his charges, order his release, and grant him relief based on alleged improprieties in those proceedings. While a federal court generally has an obligation to hear and decide cases raised before it, under the *Younger* abstention doctrine, this Court must abstain from hearing cases which would "threaten[] to interfere with . . . state criminal prosecutions." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *see also Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine is thus "an exception to the [general rule of hearing all cases over which the court has jurisdiction] that applies when certain types of state proceedings are ongoing at the time a federal case is commenced." *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020). Abstention in such cases serves a dual purpose – it promotes a "proper respect for state functions" including abstaining from interfering in ongoing judicial proceedings, and it restrains equity jurisdiction from operating when state courts provide an adequate forum for litigating constitutional issues. *Id.* Ongoing state court criminal proceedings are the classic type of judicial proceeding which require a federal court to abstain from hearing a claim which would interfere or overlap with those proceedings. *Id.*

Thus, if there are ongoing state criminal proceedings which implicate important state interests and the state criminal proceeding afford the plaintiff an adequate forum to raise his federal claims, this Court must abstain from hearing those claims until such time as the criminal

4

proceedings have concluded. *Id.*; *see also Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 39 (3d Cir. 2017). The only exceptions to this rule of abstention arise where there is clear evidence that a criminal case is being undertaken in bad faith and without probable cause, or in exceedingly rare cases involving exceptional circumstances such as prosecution under a "flagrantly unconstitutional statute." *Jaffery*, 695 F. App'x at 39. In this context, bad faith will only be shown where the prosecution is being brought "without a reasonable expectation of obtaining a valid conviction." *Id.*

Here, Plaintiff is subject to ongoing criminal proceedings arising out of the traffic stop, search, and arrest about which he complains in this matter, and he seeks to use his complaint to have this Court directly interfere in those proceedings. Plaintiff's criminal proceedings clearly implicate an important state interest – the state's interest in enforcing its criminal statutes – and Plaintiff has an ample opportunity to raise his claims regarding the unlawfulness of the search and related actions in his state proceedings. As Plaintiff has not shown bad faith[1] or other exceptional circumstances, *Younger* clearly applies, and this Court must abstain from hearing his claims at this time. Plaintiff's complaint must therefore be dismissed without prejudice at this time.[2]

---

[1] Although Plaintiff accuses the individual defendants of improper actions, everything he submits indicates that he was, indeed, the driver of the car, and the car did contain the hidden firearm, facts which do not suggest that there is no reasonable expectation of conviction in his underlying criminal case. This Court thus cannot find bad faith at this time. *Jaffery*, 695 F. App'x at 39-40.

[2] Plaintiff may refile his claims once his criminal proceedings have concluded.

5

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and his complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

                                                                   Hon. Karen M. Williams,
                                                                   United States District Judge